UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**Manuel Dorego,**

    Plaintiff,

vs.

**Focus Receivables Management, LLC,
Karey Doe, alias, and
Andrea Doe, alias,**

    Defendants.

CA09- 575

09-_____

**Jury Trial Requested**

## Complaint

### Introduction

1. The Plaintiff brings this action alleging the Defendants engaged in harassing, abusive and prohibited conduct while attempting to collect an alleged debt from the Plaintiff in violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). The Plaintiff seeks statutory damages, actual damages, costs and attorney fees under the FDCPA.

2. The Plaintiff also alleges the Defendants' conduct while attempting to collect the alleged debt constituted a deceptive practice in violation of the Rhode Island Deceptive Trade Practices Act, 6-13.1.-1 *et seq.* ("DTPA"). The Plaintiff seeks statutory damages, actual damages, costs, attorney fees, and punitive damages under the DTPA.

### Jurisdiction and Venue

3. This Court has jurisdiction to hear the FDCPA claims in this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337(a).

4. This Court has supplemental jurisdiction to hear the state law DTPA claims pursuant to 28 U.S.C. § 1367(a).

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because the Plaintiff is a resident of this District and the conduct complained of took place, via telephone, in this District.

## Parties

6. The Plaintiff Manuel Dorego is an adult resident of the municipality of Johnston, County of Providence, State of Rhode Island.

7. The Defendant Focus Receivables Management, LLC (Focus) is a foreign limited liability company registered with the Rhode Island Secretary of State to, and doing, business in Rhode Island.

8. The Defendant Karey Doe, alias, (Karey) a female, is an employee or agent of Focus whose true identity is unknown to the Plaintiff but known, or knowable, to Focus.

9. The Defendant Andrea Doe, alias, (Andrea) a female, is an employee or agent of Focus whose true identity is unknown to the Plaintiff but known, or knowable, to Focus.

## Facts Common To All Counts

10. At all times relevant to this Complaint, Focus was engaged in the business of regularly collecting Debts, originally owed to third parties, using the telephone and mail to communicate with residents of Rhode Island.

11. At all times relevant to this Complaint, Karey was engaged in the business of regularly collecting Debts, originally owed to third parties, using the telephone to communicate with residents of Rhode Island.

12. At all times relevant to this Complaint, Andrea was engaged in the business of regularly collecting Debts, originally owed to third parties, using the telephone to communicate with residents of Rhode Island.

13. At all times relevant to this Complaint, Focus was a "Debt Collector" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

14. At all times relevant to this Complaint, Karey was a "Debt Collector" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

15. At all times relevant to this Complaint, Andrea was a "Debt Collector" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

16. Within the past year Focus placed phone call to, and engaged in telephone conversations with, the Plaintiff while acting as a Debt Collector attempting to collect an alleged Debt from the Plaintiff.

17. Within the past year Karey placed phone calls to, and engaged in telephone conversations with, the Plaintiff while acting as a Debt Collector attempting to collect an alleged Debt from the Plaintiff.

18. Within the past year Andrea placed at least one phone call to, and engaged in at least one telephone conversation with, the Plaintiff while acting as a Debt Collector attempting to collect an alleged Debt from the Plaintiff.

19. The alleged debt that gave rise to the telephone calls arose from purchases of goods primarily for personal, family or household purposes. (Hereinafter the alleged debt shall be referred to simply as the Debt.)

20. On October 2, 2009, at approximately 5:36 PM, Focus, acting through its agent Karey, engaged in a telephone conversation with the Plaintiff while attempting to collect the Debt.

21. The Plaintiff told Karey he had been out of work since 2007 and he did not have the money to pay the Debt.

22. Focus placed a phone call to the Plaintiff, and caused his telephone to ring, on October 6, 2009, at approximately 10:58 AM, while attempting to collect the Debt.

23. Focus placed a phone call to the Plaintiff, and caused his telephone to ring, on October 7, 2009, at approximately 10:34 AM, while attempting to collect the Debt.

24. On October 7, 2009, at approximately 12:30 PM, Focus, acting through its agent Andrea, engaged in a telephone conversation with the Plaintiff while attempting to collect the Debt.

25. The Plaintiff told Andrea he had been out of work since 2007 and he did not have the money to pay the Debt.

26. Andrea told the Plaintiff that the collection calls would continue until he paid the Debt.

27. Focus placed a phone call to the Plaintiff, and caused his telephone to ring, on October 7, 2009, at approximately 2:58 PM, while attempting to collect the Debt.

28. Focus placed a phone call to the Plaintiff, and caused his telephone to ring, on October 7, 2009, at approximately 7:27 PM, while attempting to collect the Debt.

29. Focus placed a phone call to the Plaintiff, and caused his telephone to ring, on October 8, 2009, at approximately 10:21 AM, while attempting to collect the Debt.

30. On October 8, 2009, at approximately 6:07 PM, Focus, acting through its agent Karey, engaged in a telephone conversation with the Plaintiff while attempting to collect the Debt.

31. The Plaintiff told Karey he had been out of work since 2007 and he did not have the money to pay the Debt.

32. Karey said federal law required her to call the Plaintiff and attempt to collect the Debt.

33. That statement was false.

34. Focus placed a phone call to the Plaintiff, and caused his telephone to ring, on October 9, 2009, at approximately 10:24 AM, while attempting to collect the Debt.

35. Focus placed a phone call to the Plaintiff, and caused his telephone to ring, on October 9, 2009, at approximately 12:45 PM, while attempting to collect the Debt.

36. On October 9, 2009, at approximately 5:19 PM, Focus, acting through its agent Karey, engaged in a telephone conversation with the Plaintiff while attempting to collect the Debt.

37. The Plaintiff told Karey he was living on Social Security income and he did not have the money to pay the Debt.

38. Karey told the Plaintiff the collection calls would continue until he paid the Debt.

### Count 1 – Federal FDCPA – Harassment/Abuse

39. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

40. The Defendants violated the FDCPA prohibition against harassing or abusing people. While attempting to collect a debt.

41. The prohibition is codified at 15 USC 1692(d).

42. The Defendants did the following which the Plaintiff asserts gave rise to the violations:

    a. Caused the Plaintiff's telephone to ring repeatedly with the intent to annoy, abuse, or harass any person at the number called in violation of 15 USC 1692(d)(5);
    b. Engaged the Plaintiff in telephone conversations repeatedly with the intent to annoy, abuse, or harass him in violation of 15 USC 1692(d)(5); and
    c. Told the Plaintiff the collection calls would continue until he paid the Debt in violation of 15 USC 1692(d).

43. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore,** the Plaintiff requests judgment against each Defendant for actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

### Count 2 – Federal FDCPA – False/Misleading Representations

44. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

45. The Defendants violated the FDCPA prohibition against making false and/or misleading representations while attempting to collect a debt.

46. The prohibition is codified at 15 USC 1692(e).

47. The Defendants did the following which the Plaintiff asserts gave rise to the violations:
    a. Told the Plaintiff their debt collection phone calls would continue until he paid the Debt in violation of 15 USC 1692(e) and/or (e)(5) and/or (e)(10);
    b. As to Karey and ALW, told the Plaintiff federal law required the collection calls in violation of 15 USC 1692(e) and/or (e)(5); and/or (e)(1); and
    c. Told the Plaintiff the collection calls would continue until he paid the Debt in violation of 15 USC 1692(e) and/or (e)(5).

48. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore,** the Plaintiff requests judgment against each Defendant for actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

### Count 3 – State – Deceptive Trade Practice

49. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

50. Karey and Andrea placed their calls to the Plaintiff while acting within the scope of their employment with Focus and in furtherance of Focus's business interests.

51. Focus did not have, or did not enforce, policies and procedures to prevent its agents from conducting themselves in the way Karey and Andrea behaved towards the Plaintiff.

52. Focus's conduct, and the conduct of its agents, as described in this Complaint constituted "unfair or deceptive acts or practices" as that term is defined in the Rhode Island DTPA at RIGL 6-13.1-1(6)(xiii).

53. Focus's conduct as described in this Complaint was prohibited by the DTPA at RIGL 6-13.1-2.

54. Focus's conduct as described in this Complaint was deliberate, and/or outrageous, and/or reckless.

55. As a result of Focus's conduct, the Plaintiff suffered damages including mental suffering and attorney fees.

**Wherefore**, the Plaintiff requests judgment against each Defendant for 1) actual damages pursuant to RIGL 6-13.1-5.2(a); 2) statutory damages in the amount of $200 pursuant to RIGL 6-13.1-5.2(a); 3) costs and attorney fees pursuant to RIGL 6-13.1-5.2(d); 4) punitive damages; and 5) such other relief as the Court may deem just and appropriate.

The Plaintiff,
By Counsel,

John T. Longo, Esq./#4928
681 Smith Street
Providence, RI  02908
(401) 272-2177
Fax (401) 537-9185
jtlongo@jtllegal.com

### Jury Demand

The Plaintiff demands a trial by jury on each and every count.

John T. Longo, Esq./#4928

My File #: FD **3002**